IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES LAFAYETTE MCGEE, #L7157**                                **PLAINTIFF**

v.                                                         CAUSE NO.1:15-cv-65-LG-RHW

**ROBERT P. KREBS, ET AL.**                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Charles Lafayette McGee, an inmate of the Mississippi Department of Corrections ("MDOC") currently incarcerated at the South Mississippi Correctional Institution, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983. The Court, having liberally construed the pleadings and considered the applicable law, has reached the following conclusions.

### I. BACKGROUND

In his initial Complaint, Plaintiff sought release from prison, which is available by a writ of habeas corpus and not in a Section 1983 suit. Accordingly, the Court severed Plaintiff's habeas claims by Order dated July 8, 2015. Order [18].[1] The remaining claims are for damages at the rate of pay Plaintiff was receiving working as a "welder shipfitter." Compl. [1] at 4. Plaintiff amended his Complaint to add various relief he seeks in the form of improvements to the prison legal assistance program. Order [33].

---

[1] Plaintiff's habeas action *McGee v. Krebs* was assigned Civil Action No. 1:15-cv-218-HSO-JCG (S.D. Miss. filed July 8, 2015).

## II. DISCUSSION

Since Plaintiff is a prisoner proceeding *in forma pauperis*, his Complaint is subject to the case screening procedures of 28 U.S.C. § 1915, which may occur prior to service of process. As part of this screening process, the Court is permitted to *sua sponte* dismiss a complaint if the complaint is legally frivolous, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff was granted *in forma pauperis* status, § 1915(e)(2) applies to this case.

The instant case involves a variety of claims against several Defendants. The Court will address the claims in the following order: (A.) claims related to Plaintiff's criminal prosecution, (B.) access to courts claims, (C.) claims related to the adoption of Plaintiff's daughter, (D.) Plaintiff's challenge to Mississippi Code Annotated § 47-5-139, and (E.) conditions of confinement.

### A. Claims regarding Plaintiff's criminal prosecution

#### 1. Facts

Plaintiff alleges that Defendant Keith Miller, the District Attorney at the time Plaintiff was indicted for murder in 2000, maliciously prosecuted him. Mot. [23] at 2. He claims that Defendant Owen Stokes, who was the grand jury foreman, wrongfully signed the indictment. *Id.* at 3; Resp. [28] at 4. According to Plaintiff, these defendants should have realized that the autopsy report did not match the confession Plaintiff had given, and therefore Plaintiff should not have been indicted.

Resp. [28] at 4. Plaintiff also claims that Defendants Miller and Stokes, along with the Newsroom Editor of *The Mississippi Press Register*, the Newsroom Editor of *The Sun Herald*, the Newsroom Editor of *The Clarion Ledger*, the Newsroom Editor of WLOX 13, and the Newsroom Editor of WXXV 25, wrongfully released grand jury minutes regarding his criminal case, thereby tainting the jury pool and slandering Plaintiff. Resp. [28] at 4-6.

Plaintiff further claims that in connection with his 2003 criminal trial, the presiding judge, Defendant Robert P. Krebs, permitted Defendant Sherry Thornton, a witness for the state, to speak to the jury in the jury room during jury deliberation. Compl. [1] at 5. Plaintiff claims that Defendant Wendy Borries, the prosecutor, should not have allowed Defendant Thornton to speak with the jury and Defendant Thornton "should have known better." *Id.* at 6. Plaintiff claims that Defendant Richard C. Conant, who was Plaintiff's criminal defense attorney, failed to object to Thornton speaking with the jury.

Plaintiff also contends that Defendant Borries refused to discuss a pretrial motion with Conant. Plaintiff alleges that Defendant Conant should have brought the prosecutor's refusal to discuss the motion to the attention of Judge Krebs, who should have required the prosecutor to have the discussion. *Id.* at 4, 6.

Additionally, Plaintiff asserts that Defendant Conant failed to request a competency hearing despite conflicting mental evaluations by expert witnesses, and that Judge Krebs should have ordered such a hearing. *Id.* at 4-6. Finally, Plaintiff

alleges that Defendant Conant failed to raise the issue of conflicts between Plaintiff's statement and the autopsy report. *Id.* at 7.

Plaintiff added claims against the Board of Supervisors of Jackson County, Mississippi, and board members Barry Cumbest, Melton Harris, Michael Magnum, Troy Ross, and Johnathan McKay, alleging that they failed to supervise all of the parties to his criminal case, resulting in his conviction. Mot. [21].

### 2. Applicable Law

#### a. *Heck* bar

To the extent Plaintiff's damages claims call into question the validity of his conviction or imprisonment, they are barred because Plaintiff has not demonstrated that his 2003 conviction has been reversed, expunged or declared invalid, or called into question by a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). His claims related to his indictment, including his claim that release of the grand jury minutes tainted the jury pool, and his claims related to his trial are barred by *Heck* as success on any of those claims would undermine his conviction. Plaintiff's claims of a conspiracy among Defendants Judge Krebs, District Attorney Borries, Defense Attorney Conant, and Witness Thornton likewise call into question the validity of his conviction and are *Heck* barred, as is any claim that Defendant Miller and Defendant Stokes conspired with the media defendants to taint the jury pool by releasing grand jury minutes and/or releasing false information. A decision in Plaintiff's favor on his claims against Defendant Jackson County Board of Supervisors and the individual members, Defendants Cumbest, Harris, Magnum,

Ross, and McKay, that they failed to supervise Plaintiff's criminal prosecution would impugn the validity of his conviction and those claims are therefore barred as well. These claims must be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (holding claims dismissed under *Heck* are properly "dismissed with prejudice...until the *Heck* conditions are met").

In *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994), the Fifth Circuit noted that it is appropriate for the district court to address absolute immunity before addressing the *Heck* bar when feasible. This Court addressed *Heck* first in this case given the wide variety of Defendants included in allegations that are *Heck* barred, but now addresses immunity.

### b. Judicial Immunity

Judges are entitled to absolute immunity from damage claims for acts performed in the exercise of their judicial function. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). The Court is required to consider four factors in determining whether a judge is entitled to immunity: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).

Plaintiff's claim against Judge Krebs regarding the witness concerns a normal judicial function–answering the jury's questions. *See, e.g., U.S. v. Mann*, 161 F.3d 840, (5th Cir. 1998)("A trial judge enjoys wide latitude in deciding how to respond to a question from the jury."). Similarly, whether or not Krebs ordered a competency hearing is within the normal judicial function of a judge and not administrative, legislative, or executive. *See Davis v. Tarrant County, Tex.*, 565 F.3d 214, 222 (5th Cir. 2009). All of the actions, or lack of action, complained of took place in the jury room and/or the courtroom. The claims are related to the handling of Plaintiff's criminal trial and arose directly from a visit to the judge in his official capacity regarding issues that arose during the trial. All four factors weigh in favor of judicial immunity in this case. Consequently, Plaintiff cannot maintain this civil action against Judge Krebs as he is judicially immune.

### c. Witness Immunity

Defendant Thornton, as a witness in Plaintiff's criminal trial, is entitled to absolute immunity. *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983)("§ 1983 does not authorize a damages claim against private witnesses"). Plaintiff's allegations do not indicate that Thornton stepped outside her role as a witness so as to lose immunity. "As the Supreme Court has repeatedly made clear, in the § 1983 context 'a trial witness has absolute immunity with respect to *any* claim based on the witness' testimony.'" *Moffett v. Bryant*, 751 F.3d 323, 325 (5th Cir. 2014)(quoting *Rehberg v. Paulk*, 132 S.Ct. 1497, 1505 (2012)(emphasis in original)). Plaintiff,

6

therefore, cannot maintain this civil action against Defendant Thornton.

### d. Prosecutorial Immunity

Prosecutors are entitled to immunity pursuant to Section 1983 for any action taken in the presentation of the state's case. *See Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994). Plaintiff's claim that Defendant Miller maliciously prosecuted him is barred by immunity. The prosecutor's intent is irrelevant as long as he is prosecuting the state's claim. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985). Plaintiff may not pursue his claim against Defendant Miller.

Plaintiff alleges that Defendant Borries refused to discuss a pretrial motion with his defense attorney, and should not have allowed Defendant Thornton to speak to the jury. Neither of these allegations, even if true, deprives Borries of immunity. Prosecutors only lose absolute immunity when they take on roles outside presentation of the state's case, such as when they provide legal advice to investigators. *See Burns v. Reed*, 500 U.S. 478, 492-93 (1991). Borries's actions complained of by Plaintiff fall within her duty to present the state's case, and thus, Plaintiff cannot maintain this civil action against Defendant Borries.

### e. Grand Jury Foreman Immunity

Defendant Stokes is entitled to immunity for signing the indictment as the grand jury foreman. This duty falls squarely within Stokes's responsibility as grand jury foreman. *See, e.g., Walker v. Skeen*, 31 F. App'x 155 (5th Cir. 2001)

(grand jury foreman entitled to absolute immunity for signing indictment). Therefore, because Defendant Stokes is immune, Plaintiff cannot maintain this civil action against him.

Based on the foregoing, all claims related to Plaintiff's criminal prosecution and against Robert P. Krebs, Circuit Judge; Wendy E. Borries, District Attorney; Keith Miller, District Attorney; Sherry Thornton, State Witness; and Owen Stokes, Grand Jury Foreman, are dismissed with prejudice because these defendants are absolutely immune. As for Defendants Richard C. Conant, Public Defender; the Board of Supervisors of Jackson County, Mississippi; Barry Cumbest; Melton Harris; Michael Magnum; Troy Ross; Johnathan McKay; Keith Miller; the Newsroom Editor of *The Mississippi Press Register*; the Newsroom Editor of *The Sun Herald*; the Newsroom Editor of *The Clarion Ledger*; the Newsroom Editor of WLOX 13; and the Newsroom Editor of WXXV 25, the claims are dismissed with prejudice as frivolous until the *Heck* conditions are met. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (finding that claims dismissed pursuant to *Heck* are properly dismissed as frivolous until the *Heck* conditions are met); *see also Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)(per curiam)(holding that claims barred by Heck are properly dismissed with prejudice "until the Heck conditions are met").

### f. Respondeat Superior

Section 1983 liability generally may not be predicated on a *respondeat*

*superior* theory. *See Oliver v. Scott,* 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); *see also Thompkins v. Belt*, 828 F. 2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.") Plaintiff may not bring claims pursuant to § 1983 against the Jackson County Board of Supervisors, or its individual members, based merely on an allegation that the Board was responsible for the actions of the other Defendants who were county employees. Plaintiff must show either personal involvement of each defendant in the alleged constitutional violation or that each of these defendants was a policymaker and implemented a policy, custom or practice that was the moving force behind the alleged constitutional violation. *See, e.g., Burris v. Davis*, 642 F. Supp. 2d 573, 578-79 (S.D. Miss. 2009).

Plaintiff has not alleged that the Jackson County Board of Supervisors or any individual member thereof was directly involved in any constitutional violation. Nor has he pointed to any specific policy implemented by the Board or any member which he claims caused the alleged constitutional violations. Therefore, Plaintiff has not stated a claim against the Jackson County Board of Supervisors or any individual member of the Board.

### B. Access to Courts

#### 1. Facts

Plaintiff alleges that the prison legal assistance program ("ILAP") is inadequate and Defendants MDOC Commissioner Marshall Fisher and MDOC

ILAP Director Gia McLeod are responsible for hindering his access to courts. Mot. [7] at 1; Mot. [8]. Plaintiff claims that the inadequate prison legal system caused him to be unable to fight the adoption of his daughter by another man and hindered him in his prosecution of this lawsuit. Mot. [7] at 1, 3.

### 2. Applicable Law

Prisoners clearly have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)). In order to maintain an action for denial of access to the courts, the prisoner must demonstrate that as a litigant he has been prejudiced. *See Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996)(citing *Walker v. Navarro Cty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993).

The only records that Plaintiff claims he attempted to obtain through ILAP pertain to his 2003 conviction, his daughter's 2007 adoption, and a "Section 1985 form." Ex. [7-1]; Ex [8-1]; Ltr. [11]; Ex. [12-1]; Ex. [14-1]. As discussed below, the Court finds that Plaintiff has not presented facts to support his claim of being denied access to the courts.

Plaintiff is challenging his 2003 conviction in his pending habeas action. *McGee v. Krebs*, Civil Action No. 1:15-cv-218-HSO-JCG (S.D. Miss. filed July 8, 2015). Plaintiff therefore does not demonstrate that he has been prejudiced by the actions or lack of action by Defendants Fisher and McLeod with respect to a challenge to his conviction.

As for his daughter's 2007 adoption, Plaintiff's claims are time-barred.

Plaintiff's § 1983 claims are subject to Mississippi's three year statute of limitations. *See Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999); *Hubbard v. Miss. Conference of United Methodist Church*, 138 F. Supp. 2d 780, 782 (S.D. Miss. 2001). Federal law governs when the claim accrued for statute of limitation purposes. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). The § 1983 limitations period begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987).

Plaintiff signed his complaint on February 25, 2015, though it was not filed with this Court until March 4, 2015. Compl. [1]. The "mailbox rule" applies to prisoner filings. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The date a prisoner signs a pleading is inferred to be the day he delivered it to prison officials for mailing. *See Colarte v. Leblanc*, 40 F. Supp. 2d 816, 817 (E.D. La. 1999).

Any claims related to Plaintiff's alleged inability to stop the adoption in 2007 are time-barred since Plaintiff learned of the adoption, at the latest, in 2008. Plaintiff attached to a filing in this case a document on which he noted that he had the records pertaining to the adoption in 2008. Ex. [8-1]. Because these claims are time-barred, they are dismissed with prejudice as frivolous. *See Brown v. Pool*, 79 F. App'x 15, 16 (5th Cir. Oct. 21, 2003) (finding that "[a] district court may *sua sponte* dismiss a complaint as frivolous on statute-of-limitations grounds").

Plaintiff's claim that Defendants Fisher and McLeod did not help him obtain

materials he needs to amend this lawsuit to assert a § 1985 conspiracy claim is without merit. Specifically, Plaintiff complains that Defendants have not provided him with a § 1985 form. Mot. [7]; Ex. [7-1]. The Court does not require Plaintiff to assert his claims pursuant to 42 U.S.C. § 1985 on a particular form. Plaintiff therefore has not been prejudiced by Defendant McLeod failing to provide Plaintiff with a form that is not available.

Moreover, the Court has liberally construed Plaintiff's conspiracy claims and finds that Plaintiff has not provided facts to support any type of conspiracy claim, including a claim pursuant to 42 U.S.C. § 1985. Class-based discriminatory animus is required whether Plaintiff is asserting a claim under § 1985(2) for alleged conspiracy to interfere with the administration of justice with respect to his state criminal proceeding or whether he is asserting a claim under § 1985(3) regarding a private conspiracy to deprive him of protected rights.[2] *See Turner v. Brown*, 2007 WL 1295787, at * 2 (S.D. Miss. May 1, 2007). Plaintiff has not alleged any class-based discriminatory animus in support of his conspiracy claims.

Based on the foregoing, Plaintiff's claims of denial of access to courts against Defendants Marshall Fisher, Commissioner of the Mississippi Department of Corrections, and Gia McLeod, MDOC Inmate Legal Assistance Program Director, must be dismissed with prejudice for failure to state a claim and as frivolous.

---

[2] Section 1985(1) pertains to conspiracies to prevent federal officers from performing their duties and is not applicable.

### C. Claim Regarding Adoption

#### 1. Facts

Plaintiff also argues that he is entitled to seek relief in this Court against his ex-wife, Angela Marie Halmi, and her current husband, Michael Halmi, for violating his rights in connection with Michael Halmi's 2007 adoption of Plaintiff's daughter.

#### 2. Applicable Law

To state a § 1983 claim against the Halmis, Plaintiff must show they acted under color of state law. *See Manax v. McNamara*, 842 F.2d 808, 812 (5th Cir. 1988). Neither Mr. nor Mrs. Halmi acted under color of state law when pursuing an adoption proceeding. Neither is a state officer and they were pursuing purely private aims in having Mr. Halmi adopt Plaintiff's daughter, not misusing any state authority. *See Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002).

A claim may be brought against a private individual who conspires with a state actor. *Mills v. Criminal Dist. Court #3*, 837 F.2d 677, 679 (5th Cir. 1988). Plaintiff alleges that the chancellor in the adoption proceeding conspired with the Halmis to violate Plaintiff's rights, but he provides no facts to support any such claim, despite having been granted an opportunity to amend to do so. Nor has Plaintiff alleged any class-based discriminatory animus. *See Moffett v. Bryant*, 751 F.3d 323, 326 (5th Cir. 2014) (§ 1985 claim requires class-based, invidiously discriminatory animus). Plaintiff simply has not stated a § 1985 conspiracy claim.

Based on the foregoing, Plaintiff's claims against Angela Marie Halmi and

Michael Halmi must be dismissed with prejudice for failure to state a claim. *See Turner v. Bowen*, 2007 WL 1295787, at *3 (S.D. Miss. May 1, 2007) (dismissal with prejudice of § 1985 claim pursuant to 28 U.S.C. § 1915(e)(2)(ii) for failure to allege class-based discriminatory animus).

### D. Mississippi Code Annotated § 47-5-139

#### 1. Facts

Plaintiff, who was sentenced to life imprisonment for murder, alleges that the Mississippi earned time statute unlawfully discriminates against him based on his age because it permits inmates sentenced to life imprisonment who are sixty-five and have served fifteen years to petition for conditional release whereas he has served fifteen years but may not petition for conditional release. He argues that Defendants Phillip Bryant, the Mississippi State Representatives, Jim Hood, and the Attorney General's Office should have known that the law was unconstitutional and should have done something to change the law. Resp. [28] at 2-3. As noted *supra*, Plaintiff's federal habeas claim, which includes his earned time argument, was severed from this lawsuit and is pending. *See McGee v. Krebs,* Civil Action No. 1:15-cv-218-HSO-JCG (S.D. Miss. filed July 8, 2015).

#### 2. Applicable Law

##### a. Eleventh Amendment Immunity

The Eleventh Amendment bars lawsuits against states and state officials. *See, e.g., Okpalobi v. Foster*, 244 F.3d 405, 411 (5th Cir. 2001). The Eleventh Amendment clearly bars Plaintiff's damages claims against Phillip Bryant, the

14

Mississippi State Representatives, Jim Hood, and the Attorney General's office.

### b. Legislative Immunity

The members of the Mississippi legislature are entitled to absolute immunity from damage lawsuits against them related to actions within the sphere of their legislative duties. *Tenney v. Brandhove*, 341 U.S. 367, 377 (1951).

As Plaintiff's challenge to Mississippi Code Annotated § 47-5-139 is being presented in his habeas petition, that claim will be dismissed without prejudice, and his claim against Defendants Phillip Bryant, the Mississippi State Representatives, Jim Hood, and the Attorney General's Office will be dismissed with prejudice based on immunity.

### E. Conditions of Confinement

#### 1. Facts

Plaintiff's claims against Michael Byrd, Sheriff; Unknown Allen, Major, A.D.C. Administrator; Big Bruce; Big Country; and Chad Heck relate to alleged brutality and mistreatment Plaintiff suffered in jail during two weeks starting "about July 25th, 2000." Mot. [14] at 3; Mot. [28] at 13. Plaintiff claims that he was abused by Big Bruce, Big Country, and Chad Heck. Mot. [28] at 13. He alleges that Defendants Byrd and Allen were responsible for control of the defendants who abused him. *Id.* Plaintiff also contends that the Jackson County Board of Supervisors and its individual members were responsible for the actions of its employees who abused him.

### 2. Applicable Law

#### a. Statute of Limitations

Plaintiff clearly states that his alleged mistreatment by Defendants Big Country, Big Bruce, and Chad Heck took place in 2000. Plaintiff was aware of the alleged mistreatment in 2000, more than three years before he filed this lawsuit, and those claims are therefore time-barred. *See Brown*, 188 F.3d at 590; *Walker v. Epps*, 587 F. Supp. 2d 763, 768 (N.D. Miss. 2008) (cause of action accrues when action is complete and suit can be filed); *Hubbard*, 138 F. Supp. 2d at 782 (§1983 claims subject to Mississippi three year statute of limitations). Because these claims are time-barred, they are dismissed with prejudice as frivolous. *See Brown*, 79 F. App'x at 16 (finding that "[a] district court may *sua sponte* dismiss a complaint as frivolous on statute-of-limitations grounds").

#### b. Respondeat Superior

With respect to the claims against Defendants Byrd, Allen, Jackson County Board of Supervisors, Cumbest, Harris, Magnum, Ross, and McKay that they are responsible for the alleged abuse by Defendants Big Bruce, Big Country, and Chad Heck because they held supervisory positions, § 1983 liability generally may not be predicated on a *respondeat superior* theory. *See Oliver,* 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability."). Plaintiff must show either personal involvement of each defendant in the alleged constitutional violation or that these defendants implemented a policy, custom or practice that

was the moving force behind the alleged constitutional violation. *See, e.g., Burris*, 642 F. Supp. 2d at 578-79. Plaintiff has not alleged any personal involvement of any of these defendants in the alleged abuse. Nor has he pointed to a particular custom, policy or practice established by any of these defendants that led to the alleged violation of constitutional rights.

Based on the foregoing, Plaintiff's conditions of confinement claims against Michael Byrd, Sheriff; Unknown Allen, Major, A.D.C. Administrator; Big Bruce; Big Country; and Chad Heck must be dismissed with prejudice, as must his conditions of confinement claims against Board of Supervisors of Jackson County, Mississippi; Barry Cumbest; Melton Harris; Michael Magnum; Troy Ross; and Johnathan McKay.

As to any state-law claims Plaintiff may be asserting against any Defendant, because the Court is dismissing all of Plaintiff's federal claims filed pursuant to 42 U.S.C. § 1983, the Court declines supplemental jurisdiction over the state-law claims. See 28 U.S.C. § 1367(c)(3) (providing that the district court has discretion to decline exercising supplemental jurisdiction over any state-law claim when it has "dismissed all claims over which it has original jurisdiction").

### III. CONCLUSION

To the extent that Plaintiff is seeking monetary damages for his claims in this § 1983 action relating to his criminal prosecution against Defendants Conant, the Newsroom Editor of *The Mississippi Press Register*, the Newsroom Editor of *The Sun Herald*, the Newsroom Editor of *The Clarion Ledger*, the Newsroom Editor of

WLOX 13, and the Newsroom Editor of WXXV 25, they are dismissed with prejudice as frivolous until the *Heck* conditions are met.

To the extent that Plaintiff is seeking habeas relief based on his earned time argument, this claim is dismissed without prejudice so that Plaintiff can proceed with his separately filed habeas action.

Plaintiff's claims against Defendants Judge Krebs, Thornton, Miller, Borries, and Stokes are dismissed with prejudice on the basis of absolute immunity.

Plaintiff's claim against Defendants Fisher and McLeod that he was denied access to courts is dismissed with prejudice for failure to state a claim.

Plaintiff's claims against Defendants Byrd, Allen, Bruce, Big Country, Heck, Jackson County Board of Supervisors, Cumbest, Harris, Magnum, Ross, and McKay are dismissed with prejudice as frivolous because these claims are time-barred.

Plaintiff's claims against Defendants Angela Marie and Michael Halmi are dismissed with prejudice as frivolous because they were not acting under color of law, nor has Plaintiff stated a conspiracy claim pursuant to § 1985.

Plaintiff's claims against Defendants Bryant, the Mississippi State Representatives, Hood, and the Attorney General's Office are dismissed with prejudice based on Eleventh Amendment Immunity.

Plaintiff's state-law claims are dismissed without prejudice as the Court declines to exercise supplemental jurisdiction.

Plaintiff's § 1983 claims are dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and for failure to state a claim pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii) will be counted as a "strike." See 28 U.S.C. § 1915(g). If Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

**SO ORDERED AND ADJUDGED** this the 18th day of November, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE